McGREGOR W. SCOTT
United States Attorney
ROBERT J. ARTUZ
Special Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HOPELYN RHIANNON AUSK,<br><br>Defendant. | CASE NO. 2:20-CR-0204-JAM<br><br>AMENDED STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER<br><br>DATE: March 2, 2021<br>TIME: 9:30 a.m.<br>COURT: Hon. John A. Mendez |

This case was previously set for a status conference on March 2, 2021. The government and Defendant Hopelyn Rhiannon Ausk, by and through her counsel of record Douglas Beevers, (the "parties") now seek to continue the status conference to April 6, 2021, and exclude time under the Speedy Trial Act and Local Code T4 for defense preparation.

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for status on March 2, 2021.

2. By this stipulation, the defendant now moves to continue the status conference to April 6, 2021, and exclude time between March 2, 2021, and April 6, 2021, under 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4].

3. The parties agree and stipulate, and request that the Court find the following:

     a)     The government has represented that the discovery associated with this case includes approximately 500 pages of police reports, search warrant returns, subpoena returns, photographs, EDD records, and bank/financial records, as well as several dozen jail call recordings.  The government is all in the process of gathering, formatting, and producing additional evidence, including cellphone extractions and related forensic information.  All this discovery has been either produced directly to counsel and/or made available for inspection and copying.

     b)     Counsel for defendant desires additional time to review the current charges, obtain and review discovery, conduct research and investigation into the charges and alleged acts, consult with his client, and otherwise prepare for trial.

     c)     At this time, the defendant has no objection to the Court's continuance of the status conference to April 6, 2021, and agrees that such a continuance is necessary for effective preparation as outlined below.

     d)     Counsel for defendant believes that the Court's continuance will provide them reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

     e)     The government does not object to the continuance.

     f)     In addition to the public health concerns cited by the General Orders and declarations of judicial emergency, and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because defendant's counsel has relayed that he has been delayed in consulting with defendant due to the COVID-19 pandemic and visitation restrictions at the jail where the defendant is detained.

     g)     Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

     h)     For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of March 2, 2021, to April 6, 2021, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4]

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendants in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  February 25, 2021                                         McGREGOR W. SCOTT
                                                                                         United States Attorney

                                                                                         /s/ ROBERT J. ARTUZ
                                                                                         ROBERT J. ARTUZ
                                                                                         Special Assistant U.S. Attorney


Dated:  February 25, 2021                                         /s/ DOUGLAS BEEVERS
                                                                                         DOUGLAS BEEVERS
                                                                                         Assistant Federal Defender
                                                                                         Counsel for Defendant
                                                                                         HOPELYN RHIANNON AUSK


**FINDINGS AND ORDER**

IT IS SO FOUND AND ORDERED this 25th day of February, 2021.


                                                                                         /s/ John A. Mendez
                                                                                         THE HONORABLE JOHN A. MENDEZ
                                                                                         UNITED STATES DISTRICT COURT JUDGE